UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JUDY ROGERS,                    )
                                )
        Plaintiff,              )
                                )
v.                              )    No. 3:12-cv-387
                                )    (Phillips/Guyton)
COVENANT HEALTH,                )
                                )
        Defendant.              )

MEMORANDUM AND ORDER

**I.     Introduction**

This matter is before the Court on the Defendant's Motion to Dismiss. [Doc. 3]. The Plaintiff, Judy Rogers, alleges that the Defendant, Covenant Health ("Covenant") violated the Fair Labor Standards Act ("FSLA") while she was serving as the Defendant's employee. For the reasons that will follow, the Defendants' Motion to Dismiss [Doc. 3] will be **DENIED.**

**II.    Jurisdiction**

The Court notes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the Plaintiff asserts that the Defendant violated the Fair Labor Standards Act. 29 U.S.C. § 201, et seq.

**III.   Statement of Facts**

For the purposes of the present Motion, the following facts are derived from the Complaint [Doc. 1]. The Defendant was employed by the Plaintiff from July 1994 until March 2012. [Doc. 1 at ¶ 5]. The Defendant was entitled to overtime pay at a rate of "one and one-half

times her regular rate for all hours worked in excess of forty hours each week." *Id.* at ¶6. During the course of her employment, she never received overtime pay, in violation of 29 U.S.C. § 207 and § 255. *Id.* at ¶6-9.

**IV. Analysis**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Complaint and the attached documents [Doc. 1], the Motion to Dismiss [Doc. 3], the Response in Opposition to the Defendants' Motion to Dismiss [Doc. 7], and the Defendants'

Reply to the Response in Opposition [Doc. 8] without converting this Motion to Dismiss into a Motion for Summary Judgment.

Congress enacted the FLSA in 1938 with the goal of "protect[ing] all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U. S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981); see also 29 U. S. C. §202(a). Among other requirements, the FLSA generally obligates employers to compensate employees for hours in excess of 40 per week at a rate of one and one-half times the employees' regular wages. See §207(a). In an action to recover unpaid overtime compensation under the FLSA, the burden rests on the plaintiff to prove, by a preponderance of the evidence, that (1) there exists an employer-employee relationship; (2) there was an engagement in activities within the coverage of the FLSA; and (3) the defendant failed to pay the plaintiff the overtime pay required by law. *See Kowalski v. Kowalski Heat Treating Co.,* 920 F. Supp. 799, 806 (N.D. Ohio. 1996). Once the plaintiff has made a prima facie case, the burden shifts to the employer to show, by a preponderance of the evidence, that one of the exemptions afforded by § 213 of the FLSA applies to the employment in question. *See id.;* 29 U.S.C. §§ 201, *et seq.*

At this juncture in the proceedings, however, the Court does not believe that the record has been sufficiently developed to support a motion to dismiss, and, accordingly, the Defendants Motion to Dismiss [Doc. 3] is **DENIED**. Plaintiff is given leave to file an amended complaint to fix the deficiencies that will undoubtedly arise on summary judgment.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge